**Hershell Belmont MURRAY, Appellant,**

v.

**Florence MURRAY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 18, 1977.

Discretionary Review Granted
May 17, 1977.

William L. Montague, Stoll, Keenon & Park, Lexington, for appellant.

Ralph N. Walter, West Liberty, Johnson & Johnson, Paintsville, for appellees.

Before WINTERSHEIMER, LESTER and WILHOIT, JJ.

WINTERSHEIMER, Judge.

The Appellant, Hershell Murray, instituted an appeal on July 26, 1968, in the Morgan Circuit Court of an order of probate from the Morgan County Court. After some procedural maneuvers, the Morgan Circuit Court sustained the Appellant's motion for a dismissal of the appeal from the order of probate, but retained jurisdiction of the case to determine the issue of whether the Appellant was an heir at law of the decedent, and included the question of whether the Appellant was a legitimate child and the question of the right of an illegitimate child to inherit from his father or his father's kindred as a constitutional question. Briefs and depositions were filed and the case was submitted to the court for judgment upon the record. On February 28, 1974, the trial court issued its judgment which ultimately found that the Appellant was not a lawful heir or issue of the decedent and dismissed the action. A notice of appeal was filed on March 26, 1974. On October 8, 1976, the Supreme Court of Kentucky transferred this case to the Court of Appeals. This Court affirms the judgment of the trial court.

The questions presented are as follows:

1. Was the Appellant entitled to take, pursuant to KRS 394.400 and/or 394.410(1), the share devised to Fred Murray under the will of Dr. Murray as a grandson?

2. Is the Appellant a legitimate child by reason of KRS 391.100(2)?

3. Are the Findings of Fact and Conclusions of Law of the trial court supported by substantial evidence?

4. Is KRS 391.090(2) constitutional under the Kentucky and Federal Constitutions?

Dr. Hershell B. Murray, a resident of Morgan County, was killed in a boating accident on May 21, 1967. His will, dated December 26, 1944, was admitted to probate in Morgan County on April 22, 1968. The will is very short and reads as follows:

"All of my estate I devise and bequeath One-Half to Fred Murray and Lula B. Murray (Father & Mother) the other Half to Mrs. Florence B. Murray (Wife) for their own use and benefit forever, and I hereby appoint them my executors without bond, with full power to sell, mortgage, lease or in any other way dispose of the whole or any part of my estate."

Fred Murray predeceased Dr. Murray and at the time of his death left Dr. Murray as his only surviving child, leaving no other child, issue or descendent surviving him. At the time of Dr. Murray's death, he left surviving him his wife, Florence Murray; two adopted daughters; his mother, Lula; and the Appellant, Hershell Murray, as a natural child.

The record indicates that Dr. Murray was married to Florence in 1930, when he was a student at medical school in Louisville. Thereafter, he was called into the Armed Forces and stationed at a "CCC" camp in McKee, Kentucky. While at McKee, he met a local school teacher, Nora L. Moore. She testified that there was an alleged marriage ceremony and that she and Dr. Murray lived together for sometime thereafter. In 1937, Nora L. Moore went to Ashland, Kentucky, and had the couple's child, Hershell, the Appellant in this action. The birth certificate for the child indicates that Dr. Murray is the child's father. Nora testified that she did not know until 1937 that Dr. Murray was married to someone else. She testified that she attempted to get a divorce and custody of the child. It is not disputed that Dr. Murray visited and supported the child.

It would appear that if the Appellant's argument in respect to KRS 394.400 and 394.410(1) is to be given any credence, that the Appellant would be entitled to share in Dr. Murray's estate to the extent of one-third of one-fourth or one-twelfth. There is a line of cases that now permits adoptive

children to have the same rights as natural legitimate children. Adoptive children can now inherit from relations of their adoptive parents. Since Dr. Murray's will was executed after 1940, and that at all times up to and after his death, adopted children were entitled to share in the same manner as natural and legitimate children, they too would qualify as "issue" or "descendents" of Fred Murray.

█ The Appellant is not capable of inheriting from his father or his father's kindred by reason of KRS 391.090(2), and is accordingly not permitted to take under the anti-lapse provision of either KRS 394.400 or 394.410(1). This Court has interpreted the word "children" to exclude illegitimate children unless a clear intention is expressed in the will. *Marguette v. Marguette's Ex'r*, 190 Ky. 182, 227 S.W. 157 (1921). The Appellant is excluded from taking under the decedent's will because the decedent did not intend the Appellant to take. The Appellant contends that Dr. Murray was presumed to know the law. The Appellees correctly maintain that this certainly includes all of the laws and that accordingly, Dr. Murray, who had adopted two children, was capable of deciding on his own who would benefit from his estate. The will, written seven years after the Appellant's birth, must be considered to reflect the intention of the testator. If Dr. Murray had wanted the Appellant to share in his estate, he could have named the Appellant a devisee or legitimatized him. Dr. Murray did not do so, and the Appellant should not share in his estate.

█ The Appellant maintains Hershell is a legitimate child. There is no dispute that the Appellant is a natural child and accordingly was entitled to support as a minor. The evidence and the record fails to support the contention that the relationship between Dr. Murray and Nora Moore ascended to the legally acceptable status of an "other illegal or void marriage" as provided in KRS 391.100(2). The evidence indicates serious questions as to the actual occurrence of such a marriage. The assertion that the birth certificate is prima facie evidence of legitimacy is not acceptable. The mother provides certain information to the record keeping agency in such instances. It strains the imagination to believe that Miss Moore was naive and inexperienced. She was a qualified school teacher, had worked as a court reporter, had held several different responsible jobs, and her father was a practicing attorney. Her background does not disclose naivety. The witness Moore attempts to inject the question of an attempted divorce. As with the marriage certificate, and the circumstances surrounding the alleged marriage, the divorce proceeding is also clouded by a lack of substantial evidence and a general vagueness as to the witness' testimony.

Accordingly, the findings of facts and conclusions of law by the trial court are supported by substantial evidence. The Appellant has the burden of proof. The trial court did not believe that the Appellant met this burden with clear and convincing proof. The trial court simply did not believe the evidence presented by the Appellant from Nora L. Moore. The lower court indicates that witness Moore admitted that she used her "maiden name" and the Appellees maintain that her alleged marriage was in fact a secret. This Court has carefully examined the record and finds that it is in agreement with the conclusions of the trial court.

█ The Appellant maintains that this case could have been decided without reaching the constitutional questions he raises. Perhaps it could. However, considering the question of KRS 391.090(2) as a constitutional issue, we find that the Supreme Court of the United States, as well as the Court of Appeals (now Supreme Court of Kentucky) have refused to directly consider the question of the right of illegitimate children to inherit from both parents. Although this Court may fully sympathize with the plight of an illegitimate child in a situation in which the right to inherit is denied, we must agree with the statement

of Judge Palmore in *Pendleton v. Pendleton,* Ky., 531 S.W.2d 507 (1976), in which he says that the United States Supreme Court has not chosen to overrule its decision in *Labine v. Vincent,* 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971). In that case the Supreme Court held by a five to four vote that a Louisiana law barring an illegitimate child from inheriting from its father had legal basis and did not violate the equal protection clause of the 14th Amendment. The factual situation in this case does not appear to be sufficient to warrant any attempt to overrule either the *Labine,* supra, or the *Pendleton* case. In this instance the testator treated his adopted legitimate children exactly as he treated his natural illegitimate child. To permit the natural child to inherit through the grandfather without permitting such an inheritance by the adopted children would only compound any problem of discrimination.

There are a variety of means by which illegitimate children could achieve equal treatment. The Legislature of Kentucky certainly could enact appropriate legislation. In a proper case, either state or federal courts could also consider such a matter. It is the opinion of this Court that such a proper case does not exist in the matter we are now asked to decide.

It is our belief that Dr. Murray excluded the Appellant as an heir in his will as he did his adopted children. The will reflects the intention of the testator. Accordingly, the courts should not substitute their own judgment. The Appellant has failed to meet the burden of proof necessary to establish himself as a legitimate heir. Under existing law, KRS 391.090(2) is not unconstitutional.

The judgment of the trial court is affirmed.

ALL CONCUR.